UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-03395-SSS-BFM | | Date | December 18, 2025 |
|---|---|---|---|---|
| Title | *Jose Gonzalez Giron et al. v. Kristi Noem et al.* | | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER REQUIRING RESPONSE TO PETITIONERS' APPLICATION FOR TEMPORARY RESTRAINING ORDER BY DECEMBER 19 AT 12 PM [DKT. NO. 6]**

The Court is in receipt of Petitioners' Application for Temporary Restraining Order ("TRO"). [Dkt. No. 6]. As indicated by the Court's previous order, any Opposition to the Temporary Restraining Order must be filed by **December 19, 2025, at 5:00 PM** in accordance with the requirement set in Appendix C of the Local Rules. C.D. Cal. R. Appendix C. Upon review, the Court will determine whether it will be appropriate to schedule a hearing.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioners shall not be removed from the United States unless and until the Court orders otherwise. *See California Energy Com'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."). Further, in light of Petitioners' interests in participating in further proceedings before this Court and in maintaining adequate access to legal counsel through these proceedings, it is **ORDERED** that Petitioners shall not be transferred except to a facility within this District absent further order from this

Court.  *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (concluding that the district court "had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief"); *Belbacha v. Bush*, 520 F.3d 452, 456 (D.C. Cir. 2008) (invoking the All Writs Act, 28 U.S.C. § 1651, and noting that if a case presents a "substantial jurisdictional question . . . a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction"); *Garcia-Izquierdo v. Gartner*, No. 04-CV-7377 (RCC), 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case").

**IT IS SO ORDERED**.